IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Shane Webster Upchurch<br><br>　　　Plaintiff,<br><br>v.<br><br>Wastequip,<br>Traveler's Ind. America, and<br>Worker's Comp Commission,<br><br>　　　Defendants. | Case No. 20-CIV-136-RAW |

**OPINION AND ORDER**

Before the court are Plaintiff's Complaint [Docket No. 2] and Motion for Leave to Proceed *in forma pauperis* & Supporting Affidavit [Docket No. 3].

Plaintiff's Motion to Proceed *in forma pauperis* indicates that he is unemployed and unmarried. He owns no real property and has no money in a bank account. Plaintiff's IFP application is GRANTED.

**Complaint**

The court construes Plaintiff's allegations liberally as he is *pro se*. *See* Haines v. Kerner, 404 U.S. 519 (1972). Plaintiff filed his Complaint against the Defendants, stating the following:

> Wastequip, Traveler's Ind. America and Worker's Comp Commission all acting to discriminate due disabled convicted felon status, along with narcotic regimen and on-going injuries abused power to change my mind and mouth opinions contrary to my belief.

Plaintiff alleges in his Complaint discrimination and deprivation of rights; however, he cites no specific allegations nor requests any discernible relief from the court, except the sum of "five hundred mill. to One Billion USA."

In the Complaint, Plaintiff cites several statutes and regulations, including, Conscience Protection Act 183, Public Health Service Act, and the United States Constitution.

Plaintiff's arguments are somewhat similar in tone to what the Tenth Circuit had rejected as the "hackneyed tax protester refrain." United States v. Chisum, 502 F.3d 1237, 1243 (10th Cir. 2007). Further, Plaintiff's arguments are "completely lacking in legal merit and patently frivolous." Lonsdale v. United States, 919 F.2d 1440, 1448 (10th Cir. 1990).

## 28 U.S.C. § 1915

Section 1915 of the United States Code, Title 28, states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> **(A)** the allegation of poverty is untrue; or
> **(B)** the action or appeal--
> **(i)** is frivolous or malicious;
> **(ii)** fails to state a claim on which relief may be granted; or
> **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C.A. § 1915(e)(2).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Further, the term frivolous "embraces not only the inarguable legal conclusion, but also the

fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A plaintiff is not required to make out a perfect case in their complaint.  Rather, "It suffices for him to state claims that are rationally related to the existing law and the credible factual allegations." Lemmons v. Law Firm of Morris and Morris, 39 F.3d 264 (10th Cir. 1994).  To comply with pleading standards, the complaint must provide "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. V. Twombly, 550 U.S. 544, 570 (2007)."  Plaintiff's complaint does not pass these tests.

### *Sua Sponte* Dismissal

"*Sua sponte* dismissals are generally disfavored by the courts."  Banks v. Vio Software, 275 Fed.Appx. 800 (10th Circ. 2008).  A court shall dismiss a case at any time, however, if the court determines that the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

Indeed, the Tenth Circuit Court of Appeals has stated that a district court is <u>required</u> to dismiss an IFP claim that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Trujillo v. Williams, 465 F.3d 1210, 1216 n.5 (10th Cir. 2006).

The court may *sua sponte* dismiss an action pursuant to § 1915 when "on the face of the complaint it clearly appears that the action is frivolous or malicious."  Hall v. Bellmon,

935 F.2d 1106, 1108 (10th Cir. 1991).  "The term 'frivolous' refers to 'the inarguable legal conclusion' and 'the fanciful factual allegation.'" Id. (citation omitted).  Further, a "trial court may dismiss a claim *sua sponte* without notice where the claimant cannot possibly win relief."  McKinney v. State of Oklahoma, 925 F.2d 363, 364 (10th Cir. 1991).

## Conclusion

The allegations listed in the complaint do not create a claim upon which this lawsuit can proceed.  The court finds that Plaintiff's action is frivolous and that Plaintiff fails to state a claim on which relief can be granted.  Therefore, this matter is dismissed with prejudice.

IT IS THEREFORE ORDERED as follows:

1. Plaintiff's Motion for Leave to Proceed in Forma Pauperis is GRANTED.

2. Plaintiff's action is found to be frivolous and that Plaintiff fails to state a claim on which relief can be granted. This matter is dismissed with prejudice.

Dated this 1st day of September, 2020.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA